1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   RICHARD MICHAEL TWAY,                    CASE NO. 12cv1093-WQH-WVG

12                             Plaintiff,     **ORDER**
            vs.
13   MICHAEL J. ASTRUE, Commissioner of
     Social Security Administration,
14
                              Defendant.
15
     HAYES, Judge:
16
            The matter before the Court is the Report and Recommendation (ECF No. 24) issued
17
     by United States Magistrate Judge William V. Gallo, recommending that the Motion for
18
     Summary Judgment (ECF No. 15) filed by Plaintiff be denied and the Cross-Motion for
19
     Summary Judgment (ECF No. 18) filed by Defendant be granted.
20
                                        **BACKGROUND**
21
            On April 13, 2010, Plaintiff filed an application for Social Security Disability Insurance
22
     benefits ("SSDI"), alleging disability beginning on June 13, 2002. (ECF No. 11-2 at 16). On
23
     August 10, 2010, Plaintiff's application was denied. (ECF No. 11-4 at 2-5). On September
24
     9, 2010, Plaintiff's request for SSDI was denied on reconsideration. *Id.* at 8-12.
25
            On September 10, 2010, Plaintiff requested an administrative hearing before an
26
     Administrative Law Judge ("ALJ"). *Id.* at 14-15. Two hearings were held, on April 6, 2011
27
     and September 6, 2011, before ALJ Edward D. Steinman. (ECF No. 11-2 at 51-91). Plaintiff
28
     testified at the April 6, 2011 hearing, as did Malcolm A. Brahms, M.D., an impartial medical

expert. *Id.* at 69-91.  At the September 6, 2011 hearing, Dr. Brahms and Alan E. Cummings, a vocational expert, testified.  *Id.* at 51-68.

On September 17, 2011, the ALJ issued a partially favorable decision in Plaintiff's case. (ECF No. 11-2 at 12-26).  The ALJ found that Plaintiff had an impairment meeting the criteria of  20 C.F.R. Part 404, Subpart P, Appendix 1, Section 1.04[1] from October 1, 2007 through June 1, 2009, the period during which Plaintiff, a former piano mover, suffered from "degenerative disc disease of the lumbar spine, status post lumbar surgery." *Id.* at 19-21.  The ALJ found that, beginning June 2, 2009, Plaintiff "has not had an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1." *Id.* at 21.  The ALJ concluded that, "beginning June 2, 2009, [Plaintiff] has been capable of making a successful adjustment to work that exists in significant numbers in the national economy.... [Plaintiff's] disability ended June 2, 2009." *Id.* at 25.  In reaching his decision, the ALJ found the testimony of Dr. Brahms, regarding the

---

[1]Section 1.04 of 20 C.F.R. Part 404, Subpart P, Appendix 1 provides for the following impairments:

Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;

or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § 404, App. 1, Subpart P.

severity of Plaintiff's impairment and ongoing pain, to be "persuasive." *Id.* at 20. According to the ALJ, Dr. Brahms testified that "from June 2, 2009 on," Plaintiff, having undergone two surgeries, "continued to do well and was markedly improved compared to his preoperative status." *Id.* at 22. The ALJ found Plaintiff's testimony of his own pain not credible. *Id.* at 23. The ALJ stated: "The vocational expert testified that ... [Plaintiff] would be able to perform the requirements of representative occupations such as cleaner ...; assembler ...; and parking lot attendant...." *Id.* at 25.

On November 19, 2011, Plaintiff submitted a request for review of the ALJ's decision with the Appeals Council. (ECF No. 11-4 at 90). On February 3, 2012, the Appeals Counsel denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). (ECF No. 11-2 at 7-10).

On May 3, 2012, Plaintiff commenced this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). (ECF No. 1).

On September 25, 2012, Plaintiff filed a Motion for Summary Judgment. (ECF No. 15).

On October 23, 2012, Defendant filed a Cross-Motion for Summary Judgment. (ECF No. 18).

On November 29, 2012, the Magistrate Judge issued a Report and Recommendation. (ECF No. 24). The Magistrate Judge stated in part:

> The ALJ provided numerous reasons to support his conclusion that Plaintiff's back and leg pain limited him to a residual functioning capacity for a reduced range of light work, but further limitation was not warranted. Substantial evidence further supported the ALJ's finding that, beginning on June 2, 2009, Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy.

*Id.* at 28. The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied and Defendant's Cross-Motion for Summary Judgment be granted.

On January 14, 2013, Plaintiff filed objections to the Report and Recommendation. (ECF No. 27). Plaintiff objects to the Report and Recommendation "insofar as the report finds that the Commissioner properly found that he was not presumptively disabled [as of June 2, 2009] pursuant to 20 C.F.R. Part 404, Subpt. P, App. 1, Listing 1.04A." *Id.* at 1. With respect to the ALJ's finding that Plaintiff's impairments do not meet or medically equal a listed

impairment as of June 2, 2009, Plaintiff contends:

> The ALJ erred because the evidence of record established that Richard Tway's impairments are equivalent to the criteria set forth in Listing 1.04A. The ALJ found that Richard Tway's severe impairment is degenerative disc disease of the lumbar spine, status post lumbar surgery. (A.R. 18, Finding No. 3)....
>
> In [the ALJ's] decision, there is absolutely no analysis of whether Tway's impairments equaled Listing 1.04A. At the hearing, the medical expert did not even mention equivalency. The ALJ *must adequately explain* his evaluation of the evidence and the combined effects of the impairments. *Macia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The ALJ's conclusory statement is legally insufficient. (A.R. 20, Finding No. 7).
>
> The Report and Recommendation finds that the ALJ was not required to discuss obesity. The Report and Recommendation is incorrect as a matter of law. When considering whether Tway's impairments equaled Listing 1.04, the ALJ was required to consider obesity. 20 C.F.R. Part 404, Subpt. P, App.1, 1.00Q.... Despite the evidence of record that demonstrates that Tway is obese, the ALJ did not discuss Tway's obesity. Contrary to the findings in the Report and Recommendation, Tway did offer evidence that obesity exacerbates his other impairments. Tway testified to the symptoms and limiting effect of his back impairment. (A.R. 74-85). Social Security Ruling 02-lp specifically notes that these symptoms are expected results of obesity....
>
> Richard Tway also maintains that the ALJ failed to properly take into account his obesity in assessing his [residual functional capacity]. Social Security Ruling 02-lp *requires* that an assessment be made of the effect of obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment.

*Id.* at 4-5. With respect to the ALJ's finding that Plaintiff's testimony regarding his pain was not credible, Plaintiff contends:

> [The] ALJ failed to set forth clear and convincing reasons for discounting his subjective complaints. The ALJ cannot reject the claimant's testimony based solely on the alleged lack of objective medical evidence corroborating it. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *see also Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986)....
>
> The Report and Recommendation also found that the ALJ properly considered the extent of Tway's daily activities. Reliance on a claimant's daily activities is not a proper reason for rejecting these complaints....
>
> The Report and Recommendation also found that the ALJ properly discounted these complaints because of the conservative nature of Tway's treatment. The court was incorrect in articulating this rationale.... Richard Tway cannot be discredited for failing to pursue non-conservative treatment options where none exist.

*Id.* at 6-7. Plaintiff contends that the Court should reverse the decision of the Commissioner and award benefits or, alternatively, remand the case for further proceedings before the Commissioner. *Id.* at 7.

On January 14, 2013, Defendant responded to Plaintiff's objections. (ECF No. 28). Defendant contends that the decision of the ALJ is supported by substantial evidence and is free of legal error. *Id.* at 2. Defendant contends:

> Plaintiff failed to articulate a plausible theory and provide supporting evidence of how his obesity or combined impairments were equal to a presumptively disabling impairment.... Plaintiff further misrepresents Defendant's position by asserting that Defendant conceded that the ALJ was required to consider his obesity even though he did not offer any evidence or theory that his obesity affected his ability to work.

*Id.*

## STANDARDS OF REVIEW

### *District Court Review of a Report and Recommendation*

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

### *Review of Denial of a Disability Claim*

When an applicant's claim for disability benefits under the Social Security Act has been denied, she may seek judicial review of the Commissioner's decision. *See* 42 U.S.C. § 405(g). Where, as in this case, "the Appeals Council denies a request for review of an ALJ's decision, the decision of the ALJ represents the final decision of the Commissioner." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. § 404.981). A reviewing court will reverse the ALJ's decision only if "it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is "more than a mere scintilla but less than a preponderance." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citation

omitted).  "If the record would support more than one rational interpretation, we defer to the ALJ's decision."  *Bayliss*, 427 F.3d at 1214 n.1 (citation omitted).

## ANALYSIS

### I.      Equivalency Determination

The Magistrate Judge correctly stated: "'An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence.'"  *Id.* at 22 (quoting *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005)); *see also Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001) (determining that the ALJ's failure to consider equivalence was not reversible error because the claimant did not offer any theory, plausible or otherwise, as to how his impairments combined to equal a listing impairment).  The Magistrate Judge correctly stated: "Plaintiff is responsible for providing the theory of how obesity affects his claim of equivalence."  *Id.* at 23 (citing *Lewis*, 236 F.3d at 514).

In his decision, the ALJ concluded that Plaintiff, beginning June 2, 2009, did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1."  (ECF No. 11-2 at 21).  In reaching that conclusion, the ALJ explained:

> The record does not report the existence of any functional limitations and or diagnostic test results, which would suggest that the impairments meet or equal the criteria of any specific listing.  In addition, no treating or examining physician has reported findings, which either meet or are equivalent in severity to the criteria of any listed impairment, nor are such findings indicated or suggested by the medical evidence of record.

*Id.*

The Magistrate Judge correctly found that "there was no evidence before the ALJ, and none in the record, which states that Plaintiff's obesity limited his functioning." *Id.* at 23.  The Magistrate Judge correctly explained:

> Neither treatment notes nor any diagnoses addressed Plaintiff's limitations due to obesity.  The medical record is silent as to whether and how Plaintiff's obesity might have exacerbated his condition.  Moreover, [Plaintiff] did not present any testimony or other evidence at the hearing that his obesity impaired his ability to work.  Plaintiff testified that there were no other problems that would affect his ability to work besides his leg and back pain. (Tr. 77).  The only indications of Plaintiff's obesity in the record are medical records noting Plaintiff's height,

1
2
    weight, and Body Mass Index, along with one comment by Dr. Sabourin stating that Plaintiff was a 'well-nourished somewhat obese male in no acute distress.' (Tr. 305).

3    *Id.* at 23-24.  The Magistrate Judge correctly found that "Plaintiff did not offer any theories on

4    how his obesity might have affected the severity of his back impairment under the criteria of

5    Listing 1.04A, or equivalency under any listing." *Id.* at 24.  Although Plaintiff contends the

6    Court can determine that "obesity exacerbates his other impairments" based upon his testimony

7    about his "symptoms and the limiting effect of his back impairment" (ECF No. 27 at 5), the

8    Court finds that Plaintiff failed to "present[] evidence [of his obesity] in an effort to establish

9    equivalence." *Burch*, 400 F.3d at 683.  The Magistrate Judge correctly concluded that "the

10   ALJ was not required to address Plaintiff's obesity in his findings." (ECF No. 24 at 24).

11   **II.       ALJ's Credibility Determination**

12       The Magistrate Judge correctly stated that Congress expressly prohibits granting

13   disability benefits based solely on subjective complaints.  (ECF No. 24 at 25) (citing 42 U.S.C.

14   § 423(d)(5)(A); 20 C.F.R. § 404.1529(a) (explaining that "statements about your pain or other

15   symptoms will not alone establish that you are disabled...")).  The Magistrate Judge correctly

16   stated: "[T]he ALJ properly discounts credibility if he makes specific credibility findings that

17   are properly supported by the record and sufficiently specific to ensure a reviewing court that

18   he did not 'arbitrarily discredit' the testimony." *Id.* (citing *Bunnell v. Sullivan*, 947 F.2d 341,

19   345-46 (9th Cir. 1991); Social Security Ruling 96-7p, 1996 WL 374186).  The Magistrate

20   Judge correctly stated that there are several factors that an ALJ may consider in assessing

21   credibility, including "'ordinary techniques of credibility evaluation'; the claimant's daily

22   activities; nature, location, onset, duration, frequency, radiation, and intensity of pain or other

23   symptoms; precipitating and aggravating factors; type, dosage, effectiveness, and adverse side-

24   effects of any medication; treatment, other than medication; functional restrictions;

25   unexplained, or inadequately explained, failure to seek or follow treatment." *Id.* (quoting

26   *Bunnell*, 947 F.2d at 346-47).

27       The Magistrate Judge correctly found that the ALJ cited several specific credibility

28   factors in making his decision. *See* ECF No. 24 at 25.  The ALJ considered Plaintiff's daily

activities, including his ability to drive, read, watch television, and attend to his personal needs. (ECF No. 11-2 at 23). The ALJ considered the adverse side-effects of Plaintiff's medication, finding that "the record does not indicate that the claimant suffers from debilitating side effects from his medication." *Id.* The ALJ considered the dosage of Plaintiff's medication, finding that "[t]here have been no significant increases or changes in prescribed medication reflective of an uncontrolled condition [since Plaintiff's second surgery in December 2008]," and that "[Plaintiff's] analgesic medication history is inconsistent with his claimed severity of pain." *Id.* at 22-24. The ALJ considered the type of Plaintiff's treatment, finding that Plaintiff has received only "conservative routine maintenance since his second surgery in December 2008." *Id.* at 21. The ALJ considered the statements of several doctors, including: Dr. Thomas Sabourin, M.D., a consultative examiner, who stated that Plaintiff was "in no acute distress" during a March 2011 orthopedic examination; and Dr. Brahms, who stated that Plaintiff could perform "light work" as of June 2, 2009 and that the pain described by Plaintiff is not pain that Dr. Brahms would expect after Plaintiff's surgeries. *Id.* at 20-24, 55, 87-88; ECF No. 11-7 at 54. The ALJ concluded that "[t]he weight of the objective evidence does not support [Plaintiff's] claims of disabling limitations to the degree alleged." (ECF No. 11-2 at 22). The Court finds that the ALJ discounted Plaintiff's testimony based on "specific credibility findings that are properly supported by the record." *Bunnell*, 947 F.2d at 345-46.

The Magistrate Judge correctly concluded that "substantial evidence ... supported the ALJ's finding that, beginning on June 2, 2009, Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy." (ECF No. 24 at 28).

## CONCLUSION

After a de novo review of those portions of the Report and Recommendation to which Plaintiff objected, and after a review of the ALJ's decision and the Administrative Record, the Court finds that the Magistrate Judge correctly evaluated the facts and correctly applied the controlling law in this case. The Court concludes that the ALJ's decision is supported by substantial evidence and is free of legal error.

1       IT IS HEREBY ORDERED that (1) the Report and Recommendation (ECF No. 24) is

2  ADOPTED in its entirety; (2) Plaintiff's Motion for Summary Judgment (ECF No. 15) is

3  DENIED; and (3) Defendant's Cross-Motion for Summary Judgment (ECF No. 18) is

4  GRANTED.  The Clerk of the Court shall enter judgment for Defendant and against Plaintiff.

5  DATED:  March 27, 2013

6

**WILLIAM Q. HAYES**

7  United States District Judge